1  Matthew E. Farmer, Bar No. 190484
   mfarmer@littler.com
2  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
3  Suite 800
   Irvine, California 92612
4  Telephone: 949.705.3000
   Fax No.:   949.724.1201
5
   Attorneys for Defendant Denny's Inc.
6

7  Nelly N. Chavez
   nchavez@littler.com
8  LITTLER MENDELSON, P.C.
   500 Capitol Mall
9  Suite 2000
   Sacramento, California 95814
10 Telephone: 916.830.7200
   Fax No.:   916.561.0828
11
   Attorneys for Defendant Denny's Inc.
12

13
14              UNITED STATES DISTRICT COURT
15              CENTRAL DISTRICT OF CALIFORNIA
16

| MARIA ESTRADA, | Case No. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION** |
| v. | |
| DENNY'S INC.; and DOES 1 through 50, inclusive, | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| Defendant. | Complaint Filed:   March 4, 2022 (Los Angeles County Superior Court Case No. 22STCV07979) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF MARIA ESTRADA AND HER ATTORNEYS OF RECORD:

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendant DENNY'S INC. ("Defendant") hereby removes the above-captioned action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PLEADINGS, PROCESS, AND ORDERS

2.   On March 4, 2022, Plaintiff Maria Estrada ("Plaintiff") filed a Complaint ("Complaint") against Defendant in Los Angeles County Superior Court: *Maria Estrada v. Denny's Inc.*, Case No. 22STCV07979 (the "State Court Action"). The Complaint asserts the following causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate a disability in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent harassment and discrimination in violation of FEHA; (5) wrongful termination in violation of public policy; and (6) retaliation in violation of public policy, Labor Code §1102.5

3.   On March 14, 2022, Plaintiff served Defendant with the Summons and Complaint through Defendants' agent for service of process. (Declaration of Nelly Chavez ("Chavez Decl.") ¶ 2 & Exh. "A.")

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

4. On April 11, 2022, Defendant filed an Answer in the form of a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. (Chavez Decl. ¶ 3& Exh. "B.")

5. Pursuant to 28 U.S.C. § 1446(d), Exhibits A-B constitute all process, pleadings, and orders filed in the State Court Action. (Chavez Decl. ¶ 4.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

6. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6.)

### III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of March 14, 2022, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. See 28 U.S.C. § 1446(b), (c).

### IV. REMOVAL JURISDICTION

8. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

### A. Diversity of Citizenship

#### 1. Plaintiff is a Citizen of California

1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

2. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. (Complaint, ¶ 1); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile).

#### 2. Defendant Denny's Inc. is a citizen of Florida

3. Denny's, Inc. is a corporation. At the time of the filing of the Complaint, Denny's Inc., was and is still organized under the laws of the State of Florida, with its principal place of business in the State of South Carolina. (Declaration of Jasmine Taylor ("Taylor Decl."), ¶ 3.)

4. It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). With regard to the corporate citizenship analysis, the United States Supreme Court has made clear that a single, uniform test – the "nerve center" test – shall be applied in determining a corporation's "principal place of business." See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although courts previously employed a number of tests to determine a corporation's "principal place of

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *Id*. In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id*. To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id*. at 95.

5. Applying the above analysis, the principal place of business, or "nerve center" of Denny's Inc., is located in South Carolina. Denny's Inc. has at all times had its principal place of business and headquarters in South Carolina. (Taylor Decl., ¶¶ 3-4.) Denny's high-level officers direct, control, and coordinate the Company's corporate and business activities from South Carolina. (*Ibid.*) Accordingly, Denny's Inc. is not a citizen of California, but rather is a citizen of the State of South Carolina for purposes of determining diversity of citizenship.

### 3. The Citizenship of the Doe Defendants Should Be Disregarded for Diversity Purposes

6. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

7. Defendants Does 1 through 50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

8. As demonstrated above, Plaintiff and Defendant are diverse because

5   NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

they are citizens of different states. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

### B. The Amount in Controversy Is Over $75,000

9. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming *arguendo* for purposes of this removal only that Plaintiff is able to establish liability based on her claims, the amount in controversy exceeds the jurisdictional minimum. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

10. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Supporting evidence is only required if the plaintiff contests or the court questions the allegations supporting removal. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553. As one district court previously held:

> Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the Plaintiff's claims for damages.'" When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

"[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met.

*Cagle v. C&S Wholesale Grocers, Inc.,* 2014 U.S. Dist. LEXIS 21571 (E.D. Cal. Feb. 18, 2014); *see also Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) (holding that since the defendant "was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches," the plaintiff's attack on the evidence was "fallacious").

11. The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Company*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996); *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

12. While Defendant denies fully any and all liability and damages, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000.

**1. Lost Wages**

13. Plaintiff seeks recovery of lost earnings from the time of her termination, on March 5, 2020. (*See* Complaint, ¶ 34.)

14. Plaintiff's allegations put in controversy the amount she would have earned up to and through the date of trial, including any benefits and pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

*v. S. Pac. Co.* (1970) 1 Cal.3d 600, 607. Assuming trial is one year after the complaint was filed, or March 2023, the amount in controversy is 36 months of wages and benefits from the date of Ms. Estrada's last day of work with Defendant, or approximately 156 weeks.

### 2. Emotional Distress and Punitive Damages

15. Plaintiff also alleges emotional distress and punitive damages. *See* Complaint, ¶¶ 31, 33, 39, 41, 42, 52, 53, 63, 69, 71, 83, 85; Prayer for Relief ¶ 5. These categories of damages must be considered when calculating the amount in controversy. *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

16. Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit demonstrate that non-economic damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged disability discrimination and wrongful termination claims. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). Therefore, although Defendants deny that Plaintiff suffered emotional distress, if Plaintiff were to prevail and establish such injuries, her damages for emotional distress alone could well exceed the jurisdictional minimum.

17. Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994).

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons, supra*, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendants vigorously deny Plaintiff's allegations, including her alleged damages, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

### 10. Attorneys' Fees

18. Plaintiff's Complaint also seeks the recovery of her attorney's fees. (Complaint, ¶¶ 34, 42, 53, 71, ; *see also* Prayer for Relief ¶ 4.) Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

19. Plaintiff's Complaint alleges violation of the Fair Employment and Housing Act, which authorizes an award of reasonable attorney's fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages"). *See,*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

*e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees of $376,520 may be appropriate in a discrimination case where the jury awarded compensatory damages of only $30,000). *See also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages).

20. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* Taking into account the claim for reasonable attorneys' fees that stems from Plaintiff's claims, the amount in controversy easily exceeds $75,000 and, by including her claim for attorneys' fees, it is clear beyond a preponderance of the evidence that Plaintiff seeks to recover an amount in excess of $75,000 in this action.

21. Based upon the pleadings, it is clear that Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00. *See also* Chavez Decl., ¶¶ 8-10. Removal of this action is therefore proper. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (finding that when "complaint is unclear and does not specify 'a total amount in controversy,'" the proper burden of proof for removal is a preponderance of the evidence). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied); *Ditcharo v. UPS*, No. 09-30993, 2010 U.S. App. LEXIS 9012, **5-7 (5th Cir. April 29, 2010) (adopting *Luckett* "preponderance of the evidence" standard).

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY

## VII. VENUE

22. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(b), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Los Angeles.

## VIII. NOTICE OF REMOVAL

23. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Katherine J. Odenbreit, kodenbreit@mahoney-law.net, and Raleigh P. Dixon, rdixon@mahoney-law.net, Mahoney Law Group, APC, 249 East Ocean Boulevard, Suite 814, Long Beach, CA 90802 (Chavez Decl. ¶ 7.) In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. (*Ibid.*)

WHEREFORE, Denny's, Inc. prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:    April 11, 2022

LITTLER MENDELSON, P.C.

_____
Matthew E. Farmer
Attorneys for Defendant Denny's Inc.